UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| TIMOTHY TURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-14755-LTS |
| | ) | |
| DANIEL ZIVKOVICH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANTS' MOTION TO DISMISS

July 22, 2015

SOROKIN, J.

Plaintiff Timothy Turley has brought this action against a number of defendants, alleging, among other claims, sexual discrimination, age discrimination, and retaliation, all arising from Turley's time as a student officer at the Western Massachusetts Regional Police Academy ("the Academy").  One defendant, Sean Shattuck, has answered the Complaint and does not challenge Turley's pleading.  The six remaining defendants have moved to dismiss some, but not all, of the Counts of the Complaint.  Specifically, they have challenged six of the seven Counts, omitting from their Motion any challenge to Count II, a Title IX claim against the Academy and the Municipal Police Training Commission ("the Commission").  Thus, at a minimum, the case will proceed against Shattuck and, on the Title IX claim, against the Academy and the Commission.

In their Motion to Dismiss, the Defendants raise several arguments that apply, in varying degrees, to some number of the Counts in the Complaint.  First, the Defendants argue that state sovereign immunity or the Eleventh Amendment bar the claims in the Complaint insofar as they

seek monetary relief from state agencies or state officials in their official capacity. Turley has not argued that claims for monetary relief against the Academy, the Commission, or the individual defendants in their official capacities are not functionally suits against the state itself for the purposes of sovereign immunity or the Eleventh Amendment. Accordingly, the Motion to Dismiss is ALLOWED as to all claims seeking monetary damages against the Academy, the Commission, or any of the individual defendants in their official capacities.

Second, the Defendants argue that the claims under Mass. Gen. Laws ch. 151C may only be brought against "educational institutions" and not individuals and, further, that the Academy is not an educational institution, because it does not "accept[] applications for admission from the public generally." Mass. Gen. Laws ch. 151C, § 1(b). Turley responds that he is bringing claims pursuant to chapter 151C and Mass. Gen. Laws ch. 214, § 1C, and that chapter 214 expands the protections of chapter 151C to include all claims of sexual harassment in an educational context. Turley also argues that the Academy is an educational institution under Chapter 151C.

It is clear that, under chapter 151C, claims for sexual harassment only lie against "educational institutions." Mass. Gen. Laws ch. 151C, §§ 1, 3(a). With the exception of the Academy, Turley has not alleged any defendant to be an educational institution, and thus his claims under chapter 151C fail as to the other defendants. The claim against the Academy may proceed under chapter 151C only if it qualifies as an educational institution under the statute, which requires that the entity "accept[] applications for admission from the public generally." Mass. Gen. Laws ch. 151C, § 1(b).

The Commission, which is alleged in the Complaint to supervise the Academy, Doc. No. 1 ¶ 3, has promulgated regulations for the training programs "operated or approved" by it. 550

Mass. Code Regs. 3.01.  Those regulations provide that "[c]andidates accepted into a police academy must be . . . employed or sponsored by a municipal, environmental, or University of Massachusetts police department or, if authorized by the Committee, some other law enforcement department."  550 Mass. Code Regs. 3.06.  Thus, the Academy does not accept applications for admission from "the public generally" and, therefore, is not an "educational institution" under the statutory definition.  Accordingly, the motion is ALLOWED as to all claims brought directly under chapter 151C.

Turley, however, also brings claims pursuant to Mass. Gen. Laws ch. 214, § 1C, which provides that "[a] person shall have the right to be free from sexual harassment, as defined in chapter one hundred and fifty-one B and one hundred and fifty-one C" and provides for a private right of action in state superior court.  Mass. Gen. Laws ch. 214, § 1C.  The Supreme Judicial Court has "construe[d] G.L. c. 214, § 1C, to incorporate the complete definitions of 'sexual harassment' found in . . . G.L. c. 151C, § 1 (e)."  <u>Lowery v. Klemm</u>, 845 N.E.2d 1124, 1128 (Mass. 2006).  Mass. Gen. Laws ch. 151C, § 1(e), for its part, defines sexual harassment as

> any sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature when: – (i) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of the provision of the benefits, privileges or placement services or as a basis for the evaluation of academic achievement; or (ii) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's education by creating an intimidating, hostile, humiliating or sexually offensive educational environment.

Mass. Gen. Laws ch. 151C, § 1(e).  Thus, the scope of the protection provided by chapter 214 is limited by the definition of sexual harassment set forth in chapter 151C, § 1(e) and by the text of chapter 214, § 1C itself.

From this vantage point, it is clear that Counts IV and V do not state a claim under chapter 214 to the extent they are seeking to vindicate the right to be free from sexual harassment

as set out in chapter 151C.[1]  Count IV and V allege retaliation and age discrimination, respectively.  In this context, however, the protections of chapter 214 are limited to "the right to be free from sexual harassment" as defined in chapter 151C.  Chapter 214 makes no reference to any other provisions of chapter 151C that may provide for other protections, and Turley makes no argument that chapter 214 impliedly includes retaliation or age discrimination protections.  For these reasons, the Court finds that Counts IV and V do not state a claim under chapter 214.[2]

Count III presents the more complex question of whether chapter 214 provides a cause of action against either an educational institution that does not meet the statutory definition in chapter 151C, § 1 or an individual whose sexually harassing conduct occurs in an educational or academic setting.

The Court finds that Turley states a claim under chapter 214 against the Academy but not the individual defendant or the Commission.  The Academy falls within the reach of chapter 214, given the broad scope of the right conferred by the text of that provision, which has been interpreted by the Supreme Judicial Court to "extend[] to . . . students protection that is not otherwise available under G.L. . . . 151C."  Lowery, 845 N.E.2d at 1129.  The Academy, while not an educational institution covered by chapter 151C, is clearly the type of entity—a public, or quasi-public, institution providing training and education—that fits within the more expansive right provided by chapter 214.  See Doe v. Town of Stoughton, Civ. Action No. 12-10467-PBS, 2013 WL 6498959, at *5 (D. Mass. Dec. 10, 2013) (noting that chapter 151C contemplates harassment committed by an educational institution through its administrators or employees).

---

[1] Count IV also raises claims pursuant to Mass. Gen. Laws ch. 151B.  Those claims are not affected by this analysis.

[2] The Court notes that Count V is subject to dismissal on the basis that only chapter 151C, and not chapter 214, is invoked as a basis for liability and, as set out above, none of the Defendants are proper under chapter 151C.  As explained here, even assuming Turley intended to invoke chapter 214, the claim still fails.

Liability of individuals or entities supervising educational institutions, however, does not appear to be contemplated by chapter 214, and such a construction of the statute would greatly expand the scope of chapter 214 beyond what is protected by chapter 151C without a specific directive from the Legislature that such a significant expansion was intended.  See id. (dismissing a ch. 151C claim brought under ch. 214 alleging "peer-to-peer" harassment because the absence of statutory language, case law, and MCAD rulings supporting the viability of such a claim militated against an "expansive interpretation" of those statutes to include such harassment). This reading finds support in another session of this Court, which rejected the contention that chapter 214 creates individual liability, basing the ruling upon a reading of the plain language of chapter 151C.  Doe v. Fournier, 851 F. Supp. 2d 207, 218 (D. Mass. 2012).[3]  For these reasons, the motion is ALLOWED as to Count III against all Defendants except the Academy insofar as it seeks to vindicate a sexual harassment claim under chapter 151C.

Third, Defendants argue that claims brought pursuant to Mass. Gen. Laws 151B and 151C must be dismissed against Defendant Zivkovich in his individual capacity and Defendants McKenzie, Powers, and Yee because the MCAD charge filed by Turley did not name those Defendants as respondents.  Turley concedes that Defendant Zivkovich, in his individual capacity, was not properly plead in the MCAD charge.  Doc. No. 21 at 4.  Accordingly, the motion is ALLOWED as to the claims brought pursuant to Mass. Gen. Laws 151B against Defendant Zivkovich in his individual capacity.

As to the remaining Defendants, Turley concedes that those Defendants were not named as respondents in the charge, but argues that they were identified by name in the body of the

---

[3] The Court acknowledges that Judge Ponsor in Doe v. Fornier later reversed himself on this point when presented with an unopposed motion for reconsideration.  Doe v. Fornier, No. 11-cv-30155-MAP, Doc. No. 55 (D. Mass Mar. 20, 2012).  That development does not blunt the persuasiveness of Judge Ponsor's statutory analysis.

MCAD charge, which provided sufficient notice to those parties.  The Court notes that, in general, a party may not add defendants to a discrimination action who were not named as respondents in the preceding MCAD charge.  See Horney v. Westfield Gage Co., 95 F. Supp. 2d 29, 36 (D. Mass. 2000); King v. First, 705 N.E.2d 1172, 1173 (Mass. App. Ct. 1999).  There is an exception, however, where the defendants not named in the charge had notice of the charge and an opportunity to conciliate the charge.  Chapin v. Univ. of Mass. at Lowell, 977 F. Supp. 72, 76 (D. Mass. 1997).  The record is not sufficiently developed to resolve this issue on a motion to dismiss, and thus the motion is DENIED on this ground without prejudice to renewal on summary judgment.

Finally, Defendants argue that Count VII, alleging tortious interference with "an advantageous contractual relationship," must be dismissed because Turley does not allege that he had an contract with a third party.  At a minimum, a reasonable inference can be drawn from the allegations in the Complaint that Turley had a contract with the Academy.  Whether Turley actually had such a contractual relationship presents a question of fact that the Court does not resolve on the present motion.  Accordingly, the Motion to Dismiss is DENIED without prejudice on this ground as well.

Because of the interlocking nature of the arguments presented by the motion, the Court summarizes its ruling as applied to the specific Counts raised in the Complaint.  The Motion to Dismiss, Doc. No. 15, is DENIED as to the following claims:

1) As to Count I, Section 1983 claims against Zivkovich, McKenzie, Powers, and Yee in their individual capacity;

2) As to Court III, a claim for equitable relief under Mass. Gen. Laws chapter 214, § 1C against the Academy;

3) As to Count IV, a claim for equitable relief under chapter 151B against the Commission, Zivkovich in his official capacity, and McKenzie in his official capacity, as well as claims under chapter 151B for monetary damages against McKenzie, Powers, and Yee in their individual capacities;

4) As to Count VI, a claim for specific performance against the Academy and the Commission; and

5) As to Count VII, a claim for monetary damages against Zivkovich, McKenzie, Powers, and Yee in their individual capacities.

In all other respects, the motion is ALLOWED. As explained above, all of the claims against Shattuck and the Title IX claim against the Academy and the Commission survive, as they have not been challenged here.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge