**ATTACHMENT D**

550 CMR 3.00:            MASSACHUSETTS POLICE RECRUIT TRAINING REQUIREMENTS

Section

3.01: Purpose and Scope
3.02: Definitions
3.03: Entry Level Training for Police Officers/Exemptions/Waivers/Expirations
3.04: Training Requirements Following an Interruption in Police Service
3.05: Recruit Training- Policies and Procedures
3.06: Recruit Training- Enrollment
3.07: Recruit Training- Separation
3.08: Recruit Training- Attendance
3.09: Recruit Training - Performance
3.10: Recruit Training- Personal Accountability/Discipline
3.11: Police Academy Offenses, Corrective Action and Dismissals
3.12: Reserve/Intermittent Training Program Offenses, Corrective Action and Dismissals

## 3.01: Purpose and Scope

(1) <u>Purpose</u>. In accordance with the provisions of M.G.L. c. 30A, the Municipal Police Training Committee promulgates 550 CMR 3.00 in furtherance of the M.L. c. 6, § 116 and M.G.L. c. 41, § 96B requirements that full-time and part -time reserve/intermittent police officers, environmental law enforcement officers, and University of Massachusetts police officers be assigned to and satisfactorily complete a course of study prescribed by the Municipal Police Training Committee before exercising police powers.

(2) <u>Scope</u>. 550 CMR 3.00 shall apply to all recruit training programs operated or approved by the Committee pursuant to M.G.L. c. 6, § 118.

## 3.02: Definitions

<u>Academy Director</u>: A person tasked with overseeing and directing a police academy.

<u>Committee</u>. The Municipal Police Training Committee (MPTC) or its agency staff acting on its behalf, where applicable, or both.

<u>Executive Director</u>. The executive director of the Municipal Police Training Committee.

<u>Full-time Police Officer</u>. A person who receives an appointment to a permanent full-time position in which he will exercise police powers as a police officer, environmental law enforcement officer, or University of Massachusetts police officer.

<u>Police Academy</u>. An entry-level academy operated or approved by the Municipal Police Training Committee that has the prescribed course of study that a full-time police officer must satisfactorily complete prior to exercising police powers in Massachusetts.

COMMONWEALTH 000113

Program Administrator. A person tasked with overseeing and directing a reserve/ intermittent training program.

Recruit Training. All entry-level police academies and reserve intermittent training programs.

Reserve/Intermittent Police Officer. A person who receives an appointment to a part-time reserve/intermittent position in which he or she will exercise police powers as a police officer, environmental law enforcement officer, or University of Massachusetts police officer.

Reserve/Intermittent Training Program. An entry-level training program operated or approved by the Municipal Police Training Committee that has the prescribed course of study that a reserve/intermittent police officer must satisfactorily complete prior to exercising police powers in Massachusetts.

Sponsored Candidate. A student officer who is not employed by a law enforcement agency, either full-time or part-time, during his recruit training.

### 3.03: Entry Level Training for Police Officers/Exemptions/Waivers/Expirations

(1) Full-time Police Officers. Unless specifically exempted or temporarily waived by majority vote of the Committee, every person appointed as a full-time police officer shall, prior to exercising police powers, be assigned to and satisfactorily complete a police academy. In keeping with M.G.L. c. 41, § 96B, no person appointed as a fulltime officer for whom an exemption has been requested shall exercise police powers until such time as the exemption is granted.

(a) Exemption from the Police Academy Training Requirement. Upon petition to the Committee by an officer's employing department, a person appointed to serve as a full-time police officer in Massachusetts may be granted an exemption from the police academy training requirement in certain limited circumstances. Said exemption must be requested and granted prior to the fulltime officer exercising police powers. To qualify for such an exemption, the employing department shall provide to the Committee documentation of the officer's successful completion of training that is substantially equivalent to or greater than that of a Massachusetts police officer at a comparable level of experience, including a record of the entry-level police academy the officer attended and the curriculum at the time of attendance; all in-service, specialized and other training courses completed by the officer; and documentation that the officer has obtained a minimum of two years of full-time law enforcement experience since completion of the entry-level police academy. Any person granted an exemption pursuant to this subsection must thereafter successfully complete the Massachusetts Police Officer Orientation Training Program approved by the Committee. The officer shall complete such orientation program within 90 days after the exemption is granted. Failure to complete such orientation within 90 days will void the exemption and the fulltime officer's ability to exercise police powers until such time as the officer meets training requirements or otherwise is granted an exemption from entry-level training requirements. In the event of a voided exemption, the employing department may reapply for an exemption, which must be requested and granted prior to the fulltime officer exercising police powers.

COMMONWEALTH 000114

(b) Temporary Waiver from the Police Academy Training Requirement. In the event of a documented public safety emergency or other exigent circumstance, a person appointed to serve as a full-time police officer in Massachusetts may be granted a temporary training waiver for a period not to exceed 270 days. Said waiver must be requested and granted prior to the officer exercising police powers in a fulltime capacity. To qualify for such a waiver, the employing department shall provide documentation of the officer's current certification in first-aid and cardiopulmonary resuscitation (CPR) pursuant to M.G.L. c. 111, § 201; current qualification in the use of firearms as certified by a Committee-approved firearms instructor; successful completion of the reserve/intermittent training program, and documentation that the officer has obtained a minimum of one year of law enforcement experience since completion of the reserve/intermittent training program. During the 270-day waiver period, the officer must become enrolled in and commence attendance at a police academy.

(c) Petitions for Exemptions and Waivers. Employing departments shall forward letters of request and applicable documentation, as determined by the Committee, to the Committee, or its designee, for approval. Employing departments will be notified, in writing, within 30 days following the Committee's decision.

(2) Reserve/Intermittent Police Officers. Each person appointed as a reserve/intermittent police officer in a city or town shall, prior to exercising police powers, satisfactorily complete a reserve/intermittent training program prescribed by the Committee. M.G.L. c. 41, § 96B does not authorize any exemptions or waivers from this training requirement.

(3) Upon graduation from a police academy or a reserve/intermittent training program, any student officer who does not become employed as a police officer within two years must re-attend the applicable police academy or reserve/intermittent training program prior to exercising police powers. A student officer who does not become employed within the two-year requirement due to a military activation may apply to the Committee to waive this requirement, subject to the training requirements in 550 CMR 3 .04.

(4) As stated in M.G.L. c. 41, § 96B, failure of a person appointed as a police officer to comply with the provisions of550 CMR 3 .03( 4) to his or her exercising police powers, shall result in the appointed person's removal by the appointing authority, provided said person has not been exempted therefrom by the Committee as provided in 550 CMR 3.03(4). Failure of an appointed person to satisfactorily complete the prescribed course of study may result in his removal by the appointing authority.

3.04: Training Requirements Following an Interruption in Police Service

Officers Exercising Police Powers After an Interruption in Service. Any full-time police officer or reserve/intermittent police officer who has undergone an interruption in police service of one or more years during which the officer has not exercised police powers substantially equivalent with those of a Massachusetts police officer at a comparable level of experience shall conform to the following training standards prior to once again exercising police powers:

COMMONWEALTH 000115

(1) <u>Interruptions of One to Two Years</u>.
    (a) Compliance with M.G.L. c. 111, § 201 (first-aid and CPR);
    (b) Qualification in firearms by a Committee-approved firearms instructor; and
    (c) Completion within 90 days after the interruption in service ends, shall of the current annual in-service training approved by the Committee.

(2) <u>Interruptions of More Than Two Years and Less Than Five Years</u>.
    (a) Compliance with 550 CMR 3.04(l)(a) through (c);
    (b) Completion within 90 days after the interruption in service ends, of all MPTC in-service legal update classes and exams not taken and passed during the period of interruption; and
    (c) Completion of any additional training required by the employing/sponsoring department, including but not limited to field training programs.

(3) <u>Interruptions of Five or More Years</u>. Completion of a police academy for full-time police officers, or a reserve/intermittent training program for reserve/intermittent police officers, subject to employment and compliance with admission requirements, or, in the discretion of the Committee, completion of alternative training requirements set forth by the Committee.

## 3.05: Recruit Training- Policies and Procedures

(1) <u>Sub-regulatory Policies and Procedures</u>. The Committee may establish sub-regulatory policies and procedures provided they do not contravene 550 CMR 3.00. Police academies and reserve/intermittent training programs have the authority to establish such sub-regulatory policies and procedures as are deemed necessary for the effective and efficient operation of the recruit training, provided they do not contravene 550 CMR 3.00 or applicable sub-regulatory policies, procedures, rules and regulations established by the Committee. Sub-regulatory policies and procedures must be approved in writing by the executive director or his or her designee prior to the start of recruit training.

(2) <u>Concurrent Authority</u>. A student officer is subject to the policies, procedures, rules and regulations of the employing/sponsoring department, the Committee, and the recruit training in which the student officer is enrolled. When determining the applicability of one set of policies, procedures, rules or regulations versus another, the stricter standard shall always apply.

(3) <u>Dissemination</u>. Each student officer shall be provided with a copy of 550 CMR 3.00, applicable Committee sub-regulatory policies, procedures, rules and regulations, and any other applicable recruit training sub-regulatory policies and procedures established pursuant to 550 CMR 3.05(1). A properly executed Statement of Compliance, signed by both the student officer and the chief executive officer of the employing/sponsoring department, must be submitted as part of the enrollment process.

## 3.06: Recruit Training- Enrollment

<u>Police Academy Enrollment</u>. Candidates accepted into a police academy must be a minimum of 21 years old and employed or sponsored by a municipal, environmental, or University of Massachusetts police department or, if authorized by the Committee, some other law enforcement department. All candidates must successfully complete the Massachusetts Human Resource

COMMONWEALTH 000116

Division's Physical Ability Test (PAT) and medical examinations within six months prior to the start of a police academy and any other standards established by the Committee. All issues of civil liability shall be determined in accordance with M. G.L. c. 258 and other applicable law. Sponsored candidates shall also sign and comply with the terms of the academy's Waiver and Release form.

Reserve/Intermittent Training Program Enrollment. Candidates accepted into a reserve/ intermittent training program must be a minimum of 18 years old and employed or sponsored by a municipal, environmental, or University of Massachusetts police department or, if authorized by the Committee, some other law enforcement department. All issues of civil liability shall be determined in accordance with M.G.L. c. 258 and other applicable law. Sponsored candidates shall also sign and comply with the terms of the training program Waiver and Release form.

## 3.07: Recruit Training- Separation

(1) Categories of Separation. A student officer may become separated from recruit training after beginning but before completing the prescribed course of study. A Separation Notice shall be completed by the academy director or program administrator, respectively, and distributed in accordance with the directions on the form. For purposes of 550 CMR 3.00, the categories of separation from recruit training are defined as follows:

(a) Medical Deferment. A student officer who sustains an injury while participating in recruit training may be granted a Medical Deferment separation. To qualify, the student officer must be under the care of a medical physician who determines the student officer is unable to return to the academy or unable to participate in the physical requirements of the curricula for a period of time that causes the student officer to exceed the allowable maximum Modified Health and Wellness Program absences, as described in the *Health and Wellness Guide* portion of the curriculum.

1. If granted, the Medical Deferment begins the date the Separation Notice is issued and expires one year from that date.

2. Prior to being accepted for readmission, the student officer must furnish a statement from a medical physician confirming that the student officer's injury has healed completely and stating that the student officer is physically able to fully participate in training without restrictions.

3. If the student officer has not re-entered a recruit training prior to the expiration of the Medical Deferment, all application, admission, and tuition requirements shall apply and must be met if the student reapplies to attend recruit training.

(b) Voluntary Resignation. A student officer may initiate a voluntary resignation if, without coercion and for personal reasons, the student officer chooses to withdraw from recruit training. The student officer shall make the request to withdraw in writing to the academy director or program administrator, who shall notify the chief of the employing/sponsoring department. Student officers separated under the provisions of 550 CMR 3.07(1)(b) shall be eligible for enrollment in a subsequent recruit training, subject to appropriate employment/sponsorship and compliance with applicable enrollment requirements.

COMMONWEALTH 000117

(c) Withdrawal by Employing/Sponsoring Department. A student officer's employing/ sponsoring department may initiate the withdrawal of a student officer from recruit training. Student officers separated under the provisions of 550 CMR 3 .07(1)(c) shall be eligible for enrollment in a subsequent recruit training, subject to appropriate employment/sponsorship and compliance with applicable enrollment requirements.

(d) Dismissal for Non-disciplinary Reasons. A student officer may be dismissed from recruit training for non-disciplinary reasons, including but not limited to, non-payment of required fees, excessive absences, or performance deficiency. Dismissal for non-disciplinary reasons may only be initiated by the academy director or program administrator. Student officers separated under the provisions of 550 CMR 3.07(l)(d) shall be eligible for enrollment in subsequent recruit training, subject to appropriate employment/sponsorship and compliance with applicable enrollment requirements.

(e) Dismissal for Disciplinary Reasons. A student officer may be dismissed from recruit training for disciplinary reasons. Dismissal for disciplinary reasons may only be initiated by the academy director or program administrator, respectively. Student officers separated under the provisions of 550 CMR 3.07(1)(e) shall be ineligible for enrollment in any subsequent recruit training for a period of not less than two years or more than 20 years.

(2) Appeals. The Committee shall establish sub-regulatory policies and procedures for appeals from a dismissal for disciplinary reasons.

## 3.08: Recruit Training- Attendance

(1) Attendance. Student officers are expected to attend punctually and participate fully in all scheduled classes, assignments, field exercises, and formations, except in cases of the following excused absences: bereavement; illness or injury; required court appearance as a witness or juror; required civic duty; military duty; emergency; or authorized absence by the academy director or program administrator or the student's employing/sponsoring chief. All other absences shall be considered unexcused. Student officers must attend all statutorily mandated classes.

(a) Illness/Injury. A student officer who has an illness or injury that results in an absence from recruit training or that happens during training, or that affects the student officer's ability to participate in training, shall promptly notify the academy director or program administrator and the student officer's employing/sponsoring department as specified by Committee and recruit training policies and procedures.

(b) Court/Civic/Military Duty: A student officer who is required to fulfill any court, civic, or military duty shall promptly notify the academy director or program administrator and the officer's employing/sponsoring department and shall provide both with a copy of such notice.

(2) Dismissal for Excessive Absences. Any student officer who misses more than five percent of the prescribed course of study, whether excused or unexcused, may be dismissed for non-disciplinary reasons. In determining whether to dismiss a student who has missed more than five percent of the prescribed course of study, the academy director or program administrator shall consider remedial training options and the student officer's performance, deportment, and disciplinary record during recruit training. If dismissal is not warranted, then an Action Notice shall still issue. Any student officer who misses more than 1 0% of the prescribed course of study shall be dismissed for non-disciplinary reasons.

COMMONWEALTH 000118

3.09: Recruit Training- Performance

(1) <u>Performance Requirements</u>. Every student officer shall successfully complete the requirements prescribed by the Committee in each of three performance areas:
  (a) academic;
  (b) skills; and
  (c) health and wellness.

(2) <u>Missed Performance Tests</u>. The academy director or program administrator will re-schedule any test missed as a result of an excused absence. If a student officer misses a performance test as a result of an unexcused absence, it shall be counted as a failed performance test, but the student officer shall be offered a re-test pursuant to 550 CMR 3.09(3)(b).

(3) <u>Failed Performance Tests</u>. Any student officer who fails to attain a passing score on a test shall be promptly notified in writing by the academy director or program administrator through the issuance of an Action Notice.
  (a) <u>Remedial Training</u>. Any student officer who fails to attain a passing score on a test shall be responsible for any remedial training on the student officer's own time and at the student officer's own or the employing/sponsoring Department's expense.
  (b) <u>Re-tests</u>. Any student officer who fails to attain a passing score on a test shall be offered a re-test within two weeks. Attaining a passing score on a re-test will result in the recording of the minimal passing score for record averaging purposes.

(4) <u>Dismissal for Performance Reasons</u>. Any student officer who fails to attain a passing score on a re-test, or any three tests, or who otherwise fails to successfully complete performance requirements prescribed by the Committee, shall be dismissed for non-disciplinary reasons.

3.10: Recruit Training - Personal Accountability/Discipline

(1) <u>Standards of Conduct</u>. Recruit training is a structured training environment requiring the highest standards of conduct and respect for authority. Recognition of the authority of superiors is expected at all times. A student officer is expected to show respect for, and obey the lawful orders of, the academy director, program administrator, staff instructors, non-staff instructors, and any other officials or staff of the academy, training program or the Committee, including administrative and support personnel. Failure to do so may result in disciplinary sanctions, up to and including dismissal for disciplinary reasons.

(2) <u>Purpose</u>. The primary purpose of the disciplinary system is to maintain order and discipline among student officers. It prepares student officers to work within a system of policies, procedures, rules and regulations, thus helping to develop the self-discipline necessary to function effectively as a police officer in a position of public trust. It is a surrogate for the progressive disciplinary systems found in police departments, but is designed to be instructional and corrective. Its application teaches personal accountability, encouraging student officers to place a high sense of duty above self-interest, and to accept full responsibility for actions or inactions.

COMMONWEALTH 000119

<u>3.11: Police Academy Offenses, Corrective Action and Dismissals</u>

(1) <u>Classes of Offenses for Police Academies</u>. Academy offenses are set forth in the Abstract of Delinquencies section of the Committee's sub-regulatory policies and procedures, and may be supplemented by academy-specific sub-regulatory policies, procedures, rules and regulations approved pursuant to 550 CMR 3.05(1). Academy offenses have been categorized into three classes, determined by the seriousness of the offense, as follows:

(a) <u>Class I</u>. Commission of a Class I offense shall result in dismissal from the academy for disciplinary reasons, pursuant to 550 CMR 3.11(3)(c).

(b) <u>Class II</u>. Commission of a Class II offense shall, at a minimum, result in the issuance of a written disciplinary warning to the student officer.

(c) <u>Class III</u>. Commission of a Class III offense shall, at a minimum, result in a student officer preparing a "To-from" memorandum to the academy director or a staff instructor in which the student acknowledges the breach and relates the subject of the breach to police service.

(2) <u>Police Academy Levels of Corrective Action</u>. In keeping with the concept of progressive discipline, corrective action shall be consistent with, and appropriate for, the student officer's conduct that resulted in the breach, and any other history of misconduct while at the academy. The following levels of escalating corrective action shall be utilized:

(a) <u>To-from Memoranda</u>. The student officer shall write a To-from Memorandum for all offenses. This level of corrective action, by itself, shall not be considered disciplinary.

(b) <u>Admonishment and Counseling</u>. Commission of any Class III offense for which there is no reasonable explanation, in the discretion of the academy director or a staff instructor, shall result in admonishment and counseling. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the academy director or applicable staff instructor and distributed in accordance with the directions on the form.

(c) <u>Oral Disciplinary Warning</u>. Commission of any Class III offense after admonishment and counseling shall result in an oral disciplinary warning being issued to the student officer by the academy director or a staff instructor. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the academy director or applicable staff instructor and distributed in accordance with the directions on the form.

(d) <u>Written Disciplinary Warning</u>. Commission of any Class II offense, or commission of any Class III offense after an oral disciplinary warning, shall result in a written disciplinary warning being issued to the student officer. Only the academy director may issue a written disciplinary warning. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the academy director and distributed in accordance with the directions on the form.

(3) <u>Police Academy Dismissal for Disciplinary Reasons</u>. A student officer who commits any of the following shall, if the circumstances warrant, be dismissed for disciplinary reasons:

(a) Commission of a Class I offense; or

(b) After receiving a written disciplinary warning, commission of a Class II offense; or

(c) After receiving a written disciplinary warning, commission of any three additional Class III offenses, or commission of any two additional Class III offenses that are the same.

COMMONWEALTH 000120

If the academy director determines that the circumstances do not warrant dismissal, then a written disciplinary warning must issue. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the academy director and distributed in accordance with the directions on the form.

## 3.12: Reserve/Intermittent Training Program Offenses, Corrective Action and Dismissals

(1) Classes of Offenses for Reserve/Intermittent Training Programs. Offenses are set forth in the Abstract of Delinquencies section of the Committee's sub-regulatory policies and procedures, and may be supplemented by training program sub-regulatory policies, procedures, rules and regulations approved pursuant to 550 CMR 3 .05(1 ). Training program offenses have been categorized into two classes, determined by the seriousness of the offense, as follows:

    (a) Class I. Commission of a Class I offense shall result in dismissal from the training program for disciplinary reasons, pursuant to 550 CMR 3.10(4)(c).

    (b) Class II. Commission of a Class II offense shall, at a minimum, result in the student officer preparing a "To-from" memorandum to the program administrator or staff instructor by the accused student officer and upon a finding the offense occurred, the issuance of an oral disciplinary warning to the student officer.

(2) Reserve/Intermittent Training Program Levels of Corrective Action. In keeping with the concept of progressive discipline, corrective action shall be consistent with, and appropriate for, the student officer's conduct that resulted in the breach, and any other history of misconduct while at the training program. The following levels of escalating corrective action shall be utilized:

    (a) To-from Memorandum. The student officer shall write a To-from Memorandum for all offenses. This level of corrective action, by itself, shall not be considered disciplinary.

    (b) Admonishment and Oral Disciplinary Warning. Commission of any Class II offense for which there is no reasonable explanation, in the discretion of the program administrator, shall result in admonishment and an oral disciplinary warning. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the program administrator and distributed in accordance with the directions on the form, with a copy being forwarded to the employing/sponsoring department.

    (c) Written Disciplinary Warning. Commission of any Class II offense after an oral disciplinary warning, shall result in a written disciplinary warning being issued to the student officer. Only the program administrator may issue a written disciplinary warning. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the program administrator and distributed in accordance with the directions on the form.

(3) Reserve/Intermittent Training Program Dismissal for Disciplinary Reasons. A student officer who commits any of the following shall, if the circumstances warrant, be dismissed for disciplinary reasons:

    (a) Commission of a Class I offense; or

    (b) After receiving a written disciplinary warning, commission of any two additional Class II offenses or another Class II offense the same as the one generating the written disciplinary warning.

COMMONWEALTH 000121

If the program administrator determines that the circumstances do not warrant dismissal, then a written disciplinary warning must issue. An Action Notice setting forth the offense(s) violated, the action taken, and the potential consequences of additional violations shall be completed by the program administrator and distributed in accordance with the directions on the form.

REGULATORY AUTHORITY: 550 CMR 3.00: M.G.L. c. 6, § 116.

COMMONWEALTH 000122

Revised 2010

# Commonwealth of Massachusetts
# Municipal Police Training Committee
*"Training for Today, Planning for the Future"*

## STUDENT OFFICER'S
## STATEMENT OF COMPLIANCE

I, _Timothy Turlas_ acknowledge that I have received and read the
(Printed Name of Student Officer)
Municipal Police Training Committee (MPTC) Student Officer Guide To The Academy, it's Rules

and Regulations (550 CMR § 3.00), Policy and Procedures and Health and Wellness Guide

"Appendix" for the MPTC ____WMASS____ Regional Police Academy.  I acknowl-

edge further that the MPTC Student Officer Guide and the Rules and Regulations for the MPTC

have been explained by the Academy Director and Staff Instructor(s), that I have been allowed a

sufficient opportunity to ask questions and/or seek clarifications and that I understand the provi-

sions of these documents and agree to abide by them.


_8/19/2013_
Date

Signature of Student Officer

87

COMMONWEALTH 000586

# ACKNOWLEDGEMENT

I, _Timothy Turley_, acknowledge that I am in receipt of, and have read, the MPTC Student Officer Guide and the Rules and Regulations for the MPTC- Western Massachusetts Police Academy. I acknowledge further that I have received and reviewed the following documents:

- The MPTC Student Officer Guide
- MPTC Policies & Procedures for Police Academies
- 550 CMR 3.00 Massachusetts Police Recruit Training Requirements
- The Rules & Regulations of the MPTC Western MA Police Academy
- MPTC Firearms Transportation Policy
- 49th ROC Equipment List
- MPTC Fitness Self Assessment Form

These documents have been explained to me in detail by the Academy Director and/or Staff Instructor(s). I have been allowed a sufficient opportunity to ask questions and/or seek clarifications regarding each of these documents. I fully understand the provisions of these documents and hold myself responsible for adhering to them.

_____
STUDENT OFFICER'S SIGNATURE

_____
WITNESS

8/2/13    10:00 AM
_____
DATE AND TIME

*This page to be placed in the student officers file*

COMMONWEALTH 000584